UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LONNIE D. SNELLING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10-CV-2072 (CEJ) |
| ) | |
| BERNICE EVANS, et al., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on a motion to dismiss plaintiff's first amended complaint for failure to state a claim for relief. In response to the morion, plaintiff has filed an amended complaint, and two motions for leave to file a second amended complaint. The defendants oppose plaintiff's motions for leave to amend, contending that amendment would be futile.

Plaintiff Lonnie D. Snelling, who proceeds *pro se*, brings suit pursuant to 42 U.S.C. § 1983, challenging the outcome of two prior civil actions filed in the Twenty-Second Judicial Circuit Court (St. Louis City). In Counts I and II of his first amended complaint, plaintiff asserts claims of conspiracy/intentional interference with judgment lien by private persons acting under color of state law. In Count III, plaintiff asserts a claim of abuse of process.

I.  **Background**

Plaintiff leased property in the City of St. Louis. He alleges that, between 1999 and 2001, several persons, including minors, trespassed on and caused damage to the property. In September 2001, plaintiff filed suit in the state court against the alleged trespassers and the parents and guardians of the minors. Snelling v. Tate, et al., No.

012-09449. On January 31, 2003, plaintiff obtained default judgment against defendants Bernice Evans, Larry T. McFadden and Eufabya E. McFadden. The judgments were amended on February 4, 2003. [Pl. Exs. 57-58, App. Vol. II at 149-50].

Plaintiff then sought to execute the judgments. The defendants received notice that their properties would be sold at auction to satisfy the judgments. The McFaddens' lawyers, defendants Jonathan D. Valentino and Patrick J. Kenny, of the law firm Armstrong Teasdale, LLP, moved to set aside the default judgment. On May 7, 2004, defendant Circuit Judge John J. Riley vacated the default judgment against the McFaddens. He noted that, on April 15, 2002, Circuit Judge Margaret Neill had dismissed plaintiff's claims against the McFaddens after finding that plaintiff lacked standing because he did not own the damaged property. Snelling v. McFadden, No. 012-09449, order at 2 (May 27, 2004) [Pl. Ex. 74, App. Vol III at 196]. "Standing is a jurisdictional matter and thus a prerequisite to a plaintiff's right to relief." Id. at 8. "Absent a right to relief, [p]laintiff has no right to judgment, and the Court has no power to award [him] relief, whether in the form of default judgment or otherwise." Id. On June 1, 2004, Judge Riley vacated the default judgment entered against defendant Evans on the same basis. Snelling v. Evans, No. 012-09449, order at 5-6 (June 1, 2004) [Pl. Ex. 78, App. Vol III at 213-14]. Judge Riley's decision was affirmed by the Missouri Court of Appeals. Snelling v. McFadden, No. ED84725 (Nov. 23, 2004) [Pl. Ex. 81, App. Vol III at 218].

The matter was set for trial on May 10, 2005. Plaintiff announced that he was unprepared to go forward and defendant Circuit Judge Mark H. Neill dismissed the action for failure to prosecute. [Pl. Ex. 82, App. Vol. III at 219-20]. The Missouri

Court of Appeals summarily affirmed. Snelling v. McFadden, No. ED86746 (Apr. 18, 2006) [Pl. Ex. 87, App. Vol. III at 227]. Plaintiff's motion to set aside the judgment was denied. [Pl. Ex. 95, App. Vol. III at 240-42] (noting that the "judgments in plaintiff's favor were void ab initio for lack of subject matter and personal jurisdiction"). On appeal, the Missouri Court of Appeals affirmed and ordered plaintiff to pay defendant Bernice Evans $1,000 as a sanction for filing a frivolous law suit. Snelling v. Evans, No. ED94106 (Aug. 31, 2010) [Pl. Ex. 103, App. Vol. III at 254-63]. Plaintiff filed a new case in the Twenty-Second Judicial Circuit on May 11, 2009. Snelling v. Evans, No. 0922-CC1820. The defendants filed motions to dismiss and plaintiff voluntarily dismissed his claims.

II. Discussion

As an initial matter, the Court must first determine whether it has subject-matter jurisdiction. "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006). The Court has the duty to determine its jurisdiction, and to raise the issue of subject matter jurisdiction *sua sponte*, if necessary. See Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982); City of Kansas City, Mo., v. Yarco Co., Inc., 625 F.3d 1038, 1040 (8th Cir. 2010). The Court must dismiss any action over which it determines that it lacks subject-matter jurisdiction. Rule 12(h)(3), Fed.R.Civ.P. In assessing jurisdiction the Court will also examine plaintiff's proposed second amended complaint and revised second amended complaint to determine whether they establish subject-matter jurisdiction.

Plaintiff's claims are barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* rule is jurisdictional and may be raised *sua sponte* because, if the doctrine applies, federal courts lack subject matter jurisdiction. Riehm v. Engelking, 538 F.3d 952, 964 (8th Cir. 2008); Lemonds v. Saint Louis County, 222 F.3d 488, 492 (8th Cir. 2000). The *Rooker-Feldman* doctrine prohibits lower federal courts from exercising appellate review of state court judgments. Skit Intern., Ltd. v. DAC Technologies of Arkansas, Inc., 487 F.3d 1154, 1156-57 (8th Cir. 2007) (citing D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983), and Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923)). The United States Supreme Court is the only federal court empowered to exercise appellate review of state court judgments, except for habeas petitions. Id. A district court is not deprived of jurisdiction over every case in which a plaintiff seeks a result different from the one it obtained in state court. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 292 (2005). "Rather, *Rooker-Feldman* is implicated in that subset of cases where the losing party in a state court action subsequently complains about that judgment and seeks review and rejection of it." Skit Intern., 487 F.3d at 1157.

The Eighth Circuit Court of Appeals "has expressly cautioned against a state court loser seeking victory against his adversary in a subsequent § 1983 action in federal court." Dodson v. University of Ark. for Med. Sciences, 601 F.3d 750, 754 (8th Cir. 2010). The *Rooker-Feldman* doctrine bars both straightforward and indirect attempts by a plaintiff to undermine state court decisions. Prince v. Arkansas Bd. of Examiners in Psychology 380 F.3d 337, 340 (8th Cir. 2004) (quoting Lemonds, 222 F.3d at 492). Litigants may not pursue federal claims with allegations that are inextricably intertwined with a state court decision. Id.

In this case, plaintiff presented his property damage claims in state court and lost. In order to prevail in this Court, plaintiff would have to establish that the orders of the state courts regarding his standing to pursue those claims are invalid. He cannot escape the operation of the *Rooker-Feldman* prohibition on relitigating his claims in this court by couching them in constitutional language.

Plaintiff seeks leave to file a second amended complaint and a revised second amended complaint. A party may amend pleadings once as a matter of course. Rule 15(a)(1), Fed.R.Civ.P. Thereafter, a party may amend its pleading only with the opposing party's written consent or the court's leave. Rule 15(a)(2). "The court should freely give leave when justice so requires." Id. "However, denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." United States ex rel. Joshi v. St. Luke's Hosp., Inc., 441 F.3d 552, 558 (8th Cir. 2006). Parties should not be allowed to amend their complaint without showing how the complaint could be amended to save the meritless claim. Wisdom v. First Midwest Bank of Poplar Bluff, 167 F.3d 402, 409 (8th Cir. 1999). Amendment is futile if the revised claims would not survive a motion to dismiss pursuant to Rule 12(b)(6). See Cornelia I. Crowell GST Trust v. Possis Medical, Inc., 519 F.3d 778, 782 (8th Cir. 2008) (denial of leave to amend as futile means district court concluded the amended complaint could not withstand Rule 12(b)(6) motion).

Based upon a review of the proposed second amended complaint and the proposed revised second amended complaint, the Court concludes that amendment would be futile as the revised claims are also subject to the *Rooker-Feldman* bar. Leave to amend will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file a second amended complaint [Doc. #6] is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to withdraw second amended complaint and replace with revised second amended complaint [Doc. #13] is **denied**.

**IT IS FURTHER ORDERED** that the defendants' motion to dismiss [Doc. #4] is **moot**.

A separate order of dismissal will accompany this Memorandum and Order.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 20th day of May, 2011.